FILED
SUPERIOR COURT
OF GUAM

2024 JAN -3 PM 4: 41

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **IN THE MATTER OF THE ESTATE**<br><br>**OF**<br><br>**EDWARD BLAS SAN NICOLAS,**<br><br>**Deceased.** | **PROBATE CASE NO. PR0106-21**<br><br>**DECISION AND ORDER**<br>**DENYING PETITIONER'S**<br>**PETITION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez on July 27, 2023 for a hearing on a Petition for Final Distribution; Final Report and Accounting ("Petition for Final Distribution") and Administrator's Response to Objections; Petition to Dismiss ("Petition to Dismiss"). Present at the hearing were Eliria San Nicolas Sabeti ("Petitioner") with counsel Attorney Jay Arriola, and heirs, Erlinda Arriola ("Erlinda"), Erlene S. Delgado ("Erlene"), Aubrey J. San Nicolas ("Aubrey"), Kathrina S.N. Reyes ("Kathrina"), and Therese Jackson ("Therese"). Based on the pleadings, arguments, and applicable law, the Court **DENIES** Petitioner's Petition to Dismiss.

## BACKGROUND

Edward Blas San Nicolas ("Decedent") died on November 15, 2015. Petition for Probate of Estate and Letters of Administration ("Petition for Probate") at Exhibit A. It is undisputed that Decedent died intestate. *Id.* at 1. On June 1, 2021, Petitioner filed her Petition for Probate. On July 22, 2021, the Court appointed Petitioner as Administratrix of the Estate. Order for Probate of Estate and Letters of Administration (July 22, 2021). On February 1, 2022, Petitioner filed her Petition for Final Distribution.

Between May 4, 2022 and July 19, 2022, five heirs – Erlene, Aubrey, Isabelle San Nicolas ("Isabelle"), Edrianna N. Diggs ("Edrianna"), and Eddieliene D. San Nicolas ("Eddieliene") – filed

Petitions for Objection for Final Distribution. Each heir objected to the proposed distribution of only one property: Lot No. 3230-1-R1. On August 1, 2022, Petitioner filed her Petition to Dismiss, in which she prays for (1) overruling and dismissing the objections filed by Aubrey, Edrianna, and Isabelle, and (2) dismissing the above-captioned matter. Petition to Dismiss at 4.

At the May 4, 2023 hearing, Petitioner explained that she had only received objections from three heirs – Aubrey, Edrianna, and Isabelle – and thus only served her Petition to Dismiss on those three individuals. Minute ("Min.") Entry, 10:21 AM (May 4, 2023). The Court informed Petitioner that five heirs had filed objections. Min. Entry, 10:21 AM (May 4, 2023). The Court ordered Petitioner to serve the Petition to Dismiss on all objecting heirs no later than May 9, 2023. Order Setting Briefing Schedule at 2 (May 5, 2023). The Court further ordered that objecting heirs must file any response to the Petition to Dismiss by May 24, 2023. *Id.*

Petitioner filed an affidavit of service stating that, on June 9, 2023, she served the five objecting heirs with the Petition to Dismiss via email. Affidavit of Service by Email (June 14, 2023). Petitioner also stated she served the heirs via email on June 23, 2023 with the Amended Notice of Rescheduled Hearing, informing the parties of the July 27, 2023 Petition hearing. Affidavit of Service by Email (June 23, 2023).

However, at the July 27, 2023 Petition hearing, Erlene claimed that she did not receive notice of the Petition to Dismiss due to a typographical error in her email address. Min. Entry, 10:17 AM (July 27, 2023). Erlene informed the Court that she recently received the Petition to Dismiss from another heir and requested an additional two (2) weeks to file a written objection to the Petition to Dismiss. Min. Entry, 10:24 AM (July 27, 2023).

Based upon the service issue and request, the Court ordered that Erlene and any other objecting heirs file a written objection to the Petition to Dismiss by August 10, 2023. Second Order

Setting Briefing Schedule at 2 (July 28, 2023); Min. Entry, 10:25 AM (July 27, 2023). On September 5, 2023, having received no objections to the Petition to Dismiss, the Court took this matter under advisement. Under Advisement Notice (Sept. 5, 2023).

## DISCUSSION

A.    **Petitioner Seeks to Dismiss the Matter Because She Alleges There Is No Property to Distribute**

In her Petition for Probate, Petitioner identifies four properties in Decedent's Estate: (1) Lot No. 3230-1-R1; (2) Lot No. 3229-7; (3) Lot No. 3229-10; and (4) Lot No. 10120-26. Petition for Probate at 3. However, in her Petition for Final Distribution, Petitioner claims that the Estate contains only three properties: (1) Lot No. 3230-1-R1; (2) Lot No. 3229-7; and (3) Lot No. 10120-26. Petition for Final Distribution at 3. Finally, in her Petition to Dismiss, Petitioner states "there is no community or separate property to distribute in this probate proceeding." Petition to Dismiss at 4.

Petitioner elaborates that with regard to Lot No. 3229-7, Eliria Sanchez San Nicolas ("Surviving Spouse"), "signed and recorded at Department of Land Management her Affidavit of Community Property," and thus, "title to said Lot has passed to [Surviving Spouse] of [Decedent]." *Id.*[1] Petitioner attached her Affidavit of Community Property as to Lot No. 3229-7 as Exhibit 2 of her Petition to Dismiss.

Petitioner further explains that Lot No. 10120-26 is a Chamorro Land Trust Agriculture Lease by and between Surviving Spouse and Decedent and the Chamorro Land Trust Commission ("CLTC"). *Id.* Therefore, "the Lease is not assignable or transferrable and Lessee may only designate a qualified CLTC family member to vest their interest upon their death. [Surviving

---

[1] At the July 27, 2023 Petition hearing, Petitioner informed the Court that the Surviving Spouse had passed away. Min. Entry, 10:27 AM (July 27, 2023).

Spouse] will designate one of her children to serve as Lessee under the terms of the Agriculture Lease." *Id.* Petitioner attached a copy of the lease agreement to the Petition to Dismiss as Exhibit 3.

Finally, Petitioner notes that, on June 12, 2015, Decedent deeded a ranch lot in Sinajana, Guam to his grandson, Edwin Joseph T. San Nicolas, son of his deceased son, Edward San Nicolas. *Id.* In Kathrina's Letter from Heirs in Support of Petition to Dismiss ("Letter in Support"), she explains that the lot gifted to Edwin was Lot 3229-10. Letter in Support at 2 (July 27, 2023).[2]

No objection has been raised regarding the three aforementioned properties: Lot No. 3229-7, Lot No. 10120-26, and Lot No. 3229-10. Therefore, based on the lack of objection to the passage of these three lots, the Court will address the remaining issue of the status and passage of Lot No. 3230-1-R1.

### B.       Petitioner Has Not Proven that Lot No. 3230-1-R1 Is Community Property

At issue is whether Lot No. 3230-1-R1 is community property of the Decedent and Surviving Spouse or separate property of the Decedent. 15 GCA § 1005 governs the passage of community property, and states "when a married person dies intestate . . . such interest passes to the surviving spouse subject to the provisions of Section 1007 and 1009 of this Title, and no administration thereon shall be necessary." However, separate property of a decedent who dies intestate is distributed in accordance with Title 15 Guam Code Annotated ("GCA") Chapter 9. Thus, whether Lot No. 3230-1-R1 is separate or community property affects the distribution of the Estate.

---

[2] Two other heirs – Erlinda and Therese – also filed Letters in Support of the Petition to Dismiss on July 27, 2023.

The objecting heirs each alleged that Lot No. 3230-1-R1 was the Decedent's separate property. Four of the objecting heirs attached two documents to their Petitions: (1) an Ownership and Encumbrance Report from Security Title for Lot No. 3230-1-R1 listing the lot as the separate property of Decedent; and (2) a Quitclaim Deed regarding Lot No. 3230-1, which states that Surviving Spouse did "release and forever quitclaim unto [Decedent], his heirs, executors, administrators, and assigns, as his separate property." Petition for Objection for Final Distribution Due to Conflicting Evidence in Regards to Lot 3230-1-R1 at Exhibit B (July 18, 2023).[3]

Conversely, Petitioner claims that the Lot was community property of Decedent and Surviving Spouse, and thus has "passed to [Surviving Spouse]." Petition to Dismiss at 3. Petitioner states that on June 27, 2022, Surviving Spouse "signed and recorded at Department of Land Management her Affidavit of Passage of Community Property to Surviving Spouse without Administration pursuant to 15 GCA §§ 1005, 1007, for Lot No. 3230-1-R1," and thus "said Lot has passed to [Surviving Spouse]." Petition to Dismiss at 3.

Petitioner attached a copy of the Affidavit for Passage of Community Property to Surviving Spouse Without Administration (the "Affidavit") as Exhibit 1 to the Petition to Dismiss. In the Affidavit, the Surviving Spouse states that she and Decedent were first married in 1960 and then divorced in 1981. Petition to Dismiss at Exhibit 1. In 1985, the Surviving Spouse signed a Quitclaim Deed, giving Decedent Lot No. 3230-1 as his separate property. *Id.* However, the Surviving Spouse states that when she and Decedent remarried in 1991, they "acquired, built, and resided in [their] marital home, a single-family residence, on Lot No. 3230-1, Sinajana, Guam and [they] continued to pay for all community debts on the said property, as husband and wife." *Id.* However, the Affidavit references and passes as community property *Lot No. 3230-1*, not *Lot No.*

---

[3] The four objecting heirs that attached said documents are Edrianna, Isabelle, Erlene, and Aubrey.

*3230-1-R1*. Because Petitioner provides no explanation for the inconsistent lot numbers, the Court is unable to determine whether Lot No. 3230-1-R1 remains in Decedent's Estate, especially considering the Petitioner referenced the Lot as Lot No. 3230-1-R1 in all her Petitions, including the Petition to Dismiss, and there is an Ownership and Encumbrance Report provided by the objecting heirs for the Lot.

Petitioner seeks to dismiss the probate matter based on a lack of assets for distribution. No heir has objected to the dismissal of this matter. However, five heirs have stated their position that Lot No. 3230-1-R1 is Decedent's separate property. Because the Affidavit references Lot No. 3230-1, and not Lot No. 3230-1-R1, Petitioner has failed to prove that the disputed lot is community property not subject to probate administration. Therefore, the Court declines to dismiss the matter without allowing the parties the opportunity to address the status of the disputed lot.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition to Dismiss. A status hearing in this matter will be held on **February 14, 2024 at 9:30 a.m.**

**SO ORDERED:** _____JAN 0 3 2024_____.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

6